**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID LOWMAN, | ) | C. A. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIGNA GROUP INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

1.      Plaintiff David Lowman ("Mr. Lowman") brings this action against Cigna Group Insurance Company for violation of the Employment and Retirement Income Security Act of 1974, as amended, 29 *U.S.C.* §1001, *et seq.*, ("ERISA").  Mr. Lowman was a participant in the plan, an ERISA welfare benefit plan, as administered by Metropolitan Life Insurance Company.  This Complaint challenges the Defendant's unlawful denial of Mr. Lowman's request for long-term disability benefits despite medical evidence demonstrating his qualification for said benefits.  Mr. Lowman is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein, to declare his rights under the terms of the policy, and to recover costs and attorney's fees as provided by ERISA.

<u>Jurisdiction</u>

2.      This Court has personal and subject matter jurisdiction over this case pursuant to 29 *U.S.C.* §1132(e) and (f) because of Defendant's breach of its ERISA obligation to him.

3.      Plaintiff David Lowman is a resident the State of Delaware, residing in Smyrna, Delaware.

4.      Plaintiff Lowman, at all times pertinent, was a participant within the meaning of 29 *U.S.C.* §1002(2)(7) in the group long-term disability ("LTD") plan that was issued to Dick Pacific Construction Company, Ltd., Plaintiff's employer.

5.      Plaintiff Lowman has standing to bring this action under ERISA, 29 *U.S.C.* §1132(a).

6.      Defendant Cigna Group Insurance Company has its corporate headquarters located at P.O. Box 22225, Pittsburgh, PA  15222-0325.

7.      Defendant is a for-profit corporation and does business in the State of Delaware, deriving revenue from its business it conducts in Delaware.

8.      The plan under which the Plaintiff is suing is a group disability plan maintained by Dick Pacific Construction Company, Ltd., ("the Company") and fully insured by a contract of insurance issued by Cigna Group Insurance Company.

9.      Up until 2005, Plaintiff was working full-time for the Company.  His last employment was in Tucson, AZ.  He has not worked since that time.

10.      The Plan's covered class includes Plaintiff.

11.      As a full-time employee, Mr. Lowman became insured under the Plan.

12.      The policy provides for the Plaintiff LTD benefits to cover the employees who meet all contractual provisions, including the definition of disability.

13.      The terms of the group policy defining disability are:  "unable to perform the material duties of his or her regular occupation".  There is a 90-day elimination

period.  The disability benefits are 66.67% of the employee's monthly covered earnings rounded to the nearest dollar of the maximum disability benefit.

14.     Plaintiff last worked for the Company on or about February 7, 2005, and has been unable to return to his former job since that time.

15.     On January 16, 2006, Plaintiff requested long-term disability benefits.

16.     That application was denied on May 4, 2006.

17.     Plaintiff filed an appeal to his denial of benefits on August 11, 2006.

18.     The appeal was denied on October 25, 2006.

19.     The primary grounds of denying the benefits was that Mr. Lowman's job is of a sedentary nature and that he should be able to do at least light work.

20.     Mr. Lowman submitted an affidavit, which is part of the record, dated July 24, 2006.  In his affidavit of July 24, 2006, he states that he was a working superintendent and some of his responsibilities included lifting equipment weighing more than 50 pounds.   He said that part of his job responsibilities included driving a forklift and loading/unloading equipment, setting door and window frames, and loading/unloading door frames.

21.     The Defendant did not contact any of Plaintiff's immediate supervisors to confirm Plaintiff's affidavit, but instead contacted Mr. David Tu of Human Relations, who had no actual knowledge of what Plaintiff was required to do on-site.  Mr. Tu, in his email, said that Plaintiff's job did not require any physical work.

22.     On November 8, 2006, Plaintiff submitted an email to the Defendant from Frank Kemp and a second email dated November 15, 2006.  Mr. Kemp was the superintendent employed by the Company and was the immediate supervisor of Plaintiff.

Mr. Kemp stated that Plaintiff's position consisted of both physical and supervisory responsibilities. Mr. Kemp confirmed that Plaintiff's affidavit was accurate.

23.    In December 2006, Defendant turned down Plaintiff's final appeal.

24.    The Defendant funds the plan that it administers.

25.    As a result of the Defendant's improper denial of Plaintiff's disability benefits, he has not received any disability payments.

26.    As a further result of Defendant's denial of his disability benefits, Plaintiff has been required to pay for COBRA medical insurance benefits at his own expense at the rate of approximately $1,000.00 per month.

27.    The Defendant has improperly denied Plaintiff his benefits in the following manner:

   a)    It failed to acknowledge the findings of the treating physician who indicated that he was unable to work;

   b)    It failed to take into consideration the fact that Plaintiff was awarded Social Security disability benefits;

   c)    It improperly ignored the affidavit of Plaintiff that indicated that 50% of his work was heavy-duty work and rejected it without reason;

   d)    It failed to acknowledge the email statement of Plaintiff's immediate supervisor on the site who confirmed that Plaintiff's job was 50% physical and 50% supervisory;

   e)    It selectively and improperly relied upon the email of Mr. Tu from Human Relations who has never been at the site and who had no knowledge of Plaintiff's work;

f)  It failed to take into account the medical records of the treating physicians;

g)  It failed to inquire of Frank Kemp or Devon Bryan, two superintendents who had day-to-day contact with Plaintiff;

h)  It evaluated the medical and vocational evidence in a biased manner.

28.    The Defendant's denial of long-term disability benefits is a violation of 29 *U.S.C.* §1132(a)(1).

WHEREFORE, Plaintiff David Lowman prays for the following relief:

a)  Declaratory relief that he is entitled to disability benefits, past and present, plus interest;

b)  Reasonable attorney fees and costs pursuant to 29 *U.S.C.* §1132(a);

c)  Reimbursement for all COBRA expenses;

d)  Alternatively, a remand requiring Cigna to consider all of the evidence and how it impacts upon Plaintiff's ability to work; and

e)  Any other relief that this Honorable Court deems appropriate.

GRADY & HAMPTON, LLC

_____/S/  John S. Grady_____
John S. Grady, Esquire (009)
6 North Bradford Street
Dover DE  19904
(302) 678-1265
*Attorneys for Plaintiff*

DATED:        February 15, 2007

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DAVID LOWMAN

### DEFENDANTS

CIGNA GROUP INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff    Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Allegheny
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Grady & Hampton, LLC
6 N. Bradford Street
Dover, DE  19904
(302) 678-1265

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

1 ☐ U.S. Government
Plaintiff

✗ 3 Federal Question
(U.S. Government Not a Party)

2 ☐ U.S. Government
Defendant

4 ☐ Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - | 620 Other Food & Drug | 423 Withdrawal | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product | Med. Malpractice | 625 Drug Related Seizure | 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury - | of Property 21 USC 881 | | 450 Commerce |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander | 368 Asbestos Personal | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers' | Injury Product | 650 Airline Regs. | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | Liability | 660 Occupational | 840 Trademark | 480 Consumer Credit |
| Student Loans | 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | 490 Cable/Sat TV |
| (Excl. Veterans) | 345 Marine Product | 370 Other Fraud | 690 Other | | 810 Selective Service |
| 153 Recovery of Overpayment | Liability | 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 850 Securities/Commodities/ |
| of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal | 710 Fair Labor Standards | 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | Property Damage | Act | 862 Black Lung (923) | 875 Customer Challenge |
| 190 Other Contract | Product Liability | 385 Property Damage | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal | Product Liability | 730 Labor/Mgmt.Reporting | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | Injury | | & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate | ✗791 Empl. Ret. Inc. | 870 Taxes (U.S. Plaintiff | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Sentence | Security Act | or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ | **Habeas Corpus:** | | 871 IRS-Third Party | 895 Freedom of Information |
| 240 Torts to Land | Accommodations | 530 General | | 26 USC 7609 | Act |
| 245 Tort Product Liability | 444 Welfare | 535 Death Penalty | | | 900Appeal of Fee Determination |
| 290 All Other Real Property | 445 Amer. w/Disabilities - | 540 Mandamus & Other | | | Under Equal Access |
| | Employment | 550 Civil Rights | | | to Justice |
| | 446 Amer. w/Disabilities - | 555 Prison Condition | | | 950 Constitutionality of |
| | Other | | | | State Statutes |
| | 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

✗ 1 Original
Proceeding

2 ☐ Removed from
State Court

3 ☐ Remanded from
Appellate Court

4 ☐ Reinstated or
Reopened

5 ☐ Transferred from
another district
(specify)

6 ☐ Multidistrict
Litigation

7 ☐ Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):    **29    U.S.C.  Section  1132**

Brief description of cause:    **Appealing denial of disability benefits**

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    Yes    ✗ No

## VIII.    RELATED    CASE(S)
IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-107

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____         _____
(Date forms issued)                     (Signature of Party or their Representative)

                                        _____
                                        (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action