**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID LOWMAN, | ) | C. A. No.    07-107 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**

1.      Plaintiff David Lowman ("Mr. Lowman") brings this action against Life Insurance Company of North America for violation of the Employment and Retirement Income Security Act of 1974, as amended, 29 *U.S.C.* §1001, *et seq.*, ("ERISA"). Mr. Lowman was a participant in the plan, an ERISA welfare benefit plan, as administered by Life Insurance Company of North America. This Complaint challenges the Defendant's unlawful denial of Mr. Lowman's request for long-term disability benefits despite medical evidence demonstrating his qualification for said benefits. Mr. Lowman is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein, to declare his rights under the terms of the policy, and to recover costs and attorney's fees as provided by ERISA.

Jurisdiction

2.      This Court has personal and subject matter jurisdiction over this case pursuant to 29 *U.S.C.* §1132(e) and (f) because of Defendant's breach of its ERISA obligation to him.

3. Plaintiff David Lowman is a resident the State of Delaware, residing in Smyrna, Delaware.

4. Plaintiff Lowman, at all times pertinent, was a participant within the meaning of 29 *U.S.C.* §1002(2)(7) in the group long-term disability ("LTD") plan that was issued to Dick Pacific Construction Company, Ltd., Plaintiff's employer.

5. Plaintiff Lowman has standing to bring this action under ERISA, 29 *U.S.C.* §1132(a).

6. Defendant Life Insurance Company of North America has its corporate headquarters located at 1601 Chestnut Street, TLP23B, Philadelphia, PA 19192. The Plan was administered by Cigna Group Insurance Company.

7. Defendant is a for-profit corporation and does business in the State of Delaware, deriving revenue from its business it conducts in Delaware.

8. The plan under which the Plaintiff is suing is a group disability plan maintained by Dick Pacific Construction Company, Ltd., ("the Company") and fully insured by a contract of insurance issued by Life Insurance Company of North America.

9. Up until 2005, Plaintiff was working full-time for the Company. His last employment was in Tucson, AZ. He has not worked since that time.

10. The Plan's covered class includes Plaintiff.

11. As a full-time employee, Mr. Lowman became insured under the Plan.

12. The policy provides for the Plaintiff LTD benefits to cover the employees who meet all contractual provisions, including the definition of disability.

13. The terms of the group policy defining disability are: "unable to perform the material duties of his or her regular occupation". There is a 90-day elimination

period.  The disability benefits are 66.67% of the employee's monthly covered earnings rounded to the nearest dollar of the maximum disability benefit.

14. Plaintiff last worked for the Company on or about February 7, 2005, and has been unable to return to his former job since that time.

15. On January 16, 2006, Plaintiff requested long-term disability benefits.

16. That application was denied on May 4, 2006.

17. Plaintiff filed an appeal to his denial of benefits on August 11, 2006.

18. The appeal was denied on October 25, 2006.

19. The primary grounds of denying the benefits was that Mr. Lowman's job is of a sedentary nature and that he should be able to do at least light work.

20. Mr. Lowman submitted an affidavit, which is part of the record, dated July 24, 2006.  In his affidavit of July 24, 2006, he states that he was a working superintendent and some of his responsibilities included lifting equipment weighing more than 50 pounds.  He said that part of his job responsibilities included driving a forklift and loading/unloading equipment, setting door and window frames, and loading/unloading door frames.

21. The Defendant did not contact any of Plaintiff's immediate supervisors to confirm Plaintiff's affidavit, but instead contacted Mr. David Tu of Human Relations, who had no actual knowledge of what Plaintiff was required to do on-site.  Mr. Tu, in his email, said that Plaintiff's job did not require any physical work.

22. On November 8, 2006, Plaintiff submitted an email to the Defendant from Frank Kemp and a second email dated November 15, 2006.  Mr. Kemp was the superintendent employed by the Company and was the immediate supervisor of Plaintiff.

Mr. Kemp stated that Plaintiff's position consisted of both physical and supervisory responsibilities. Mr. Kemp confirmed that Plaintiff's affidavit was accurate.

23. In December 2006, Defendant turned down Plaintiff's final appeal.

24. The Defendant funds the plan that it administers.

25. As a result of the Defendant's improper denial of Plaintiff's disability benefits, he has not received any disability payments.

26. As a further result of Defendant's denial of his disability benefits, Plaintiff has been required to pay for COBRA medical insurance benefits at his own expense at the rate of approximately $1,000.00 per month.

27. The Defendant has improperly denied Plaintiff his benefits in the following manner:

    a) It failed to acknowledge the findings of the treating physician who indicated that he was unable to work;

    b) It failed to take into consideration the fact that Plaintiff was awarded Social Security disability benefits;

    c) It improperly ignored the affidavit of Plaintiff that indicated that 50% of his work was heavy-duty work and rejected it without reason;

    d) It failed to acknowledge the email statement of Plaintiff's immediate supervisor on the site who confirmed that Plaintiff's job was 50% physical and 50% supervisory;

    e) It selectively and improperly relied upon the email of Mr. Tu from Human Relations who has never been at the site and who had no knowledge of Plaintiff's work;

    f) It failed to take into account the medical records of the treating physicians;

    g) It failed to inquire of Frank Kemp or Devon Bryan, two superintendents who had day-to-day contact with Plaintiff;

    h) It evaluated the medical and vocational evidence in a biased manner.

28. The Defendant's denial of long-term disability benefits is a violation of 29 *U.S.C.* §1132(a)(1).

WHEREFORE, Plaintiff David Lowman prays for the following relief:

    a) Declaratory relief that he is entitled to disability benefits, past and present, plus interest;

    b) Reasonable attorney fees and costs pursuant to 29 *U.S.C.* §1132(a);

    c) Reimbursement for all COBRA expenses;

    d) Alternatively, a remand requiring Cigna to consider all of the evidence and how it impacts upon Plaintiff's ability to work; and

    e) Any other relief that this Honorable Court deems appropriate.

GRADY & HAMPTON, LLC

/S/ John S. Grady
John S. Grady, Esquire (009)
6 North Bradford Street
Dover DE 19904
(302) 678-1265
*Attorneys for Plaintiff*

DATED: March 7, 2007